UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-cv-11276-RGS

SYED K. RAFI, PhD.

v.

NOVARTIS INSTITUTES OF BIOMEDICAL RESEARCH

ORDER ON DEFENDANT'S MOTION
TO DISMISS THE AMENDED COMPLAINT

January 29, 2026

STEARNS, D.J.

Plaintiff Syed Rafi instituted this litigation in April of 2025, suing Novartis Pharmaceuticals Corporation under the ADEA, Title VII, and New York law because his seven job applications submitted to Novartis Institutes of Biomedical Research (Novartis IBR) between 2011 and 2024 produced no interviews with the company. The court dismissed all claims (*see* Dkt #20), finding Rafi's job applications with the defendant discrete hiring decisions and not eligible for a "continuing violation" theory. *See National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify."); *Tobin v. Liberty Mut. Ins. Co.,* 553 F.3d 121 (1st Cir. 2009). However, the court permitted Rafi to replead his ADEA claim arising from a

March of 2024 application (within the statute of limitations) for a Senior Scientist position against the proper entity. The invitation was based on whether Rafi has plausible allegations to support "NIBR's knowledge of his 2004 EEOC complaint and the nexus between their knowledge and their decision not to hire him for the Senior Scientist position." Dkt #20 (Sept. 5, 2025 Order).

Rafi filed an Amended Complaint on October 6, 2025, naming Novartis IBR (proper party) as defendant. Despite the court's previous dismissal of his claims based on the statute of limitations, Rafi invokes all seven applications to Novartis IBR dating back to 2011, realleging a "continuing pattern of age discrimination" in support of his only timely claim. Am. Compl. at 2-3. Rafi also renews his claim that Novartis IBR retaliated against him (by not hiring him) because of an EEOC charge he filed against Yale University in 2004. Without support, Rafi asserts that because he "authorized Novartis in his application to verify the information" presumably it "contacted Yale and was informed of not only his 2004 EEOC complaint, but also his ensuing civil suits against Yale." Am. Compl. at 15. The Amended Complaint fails to add facts regarding Novartis IBR's knowledge of Rafi's protected activity or his "civil suits against Yale", any age-related comments, statements, or conduct. While recognizing that the

chosen candidate is over forty, Rafi asserts that her degrees and publications leave him far more fit for the position. *Id.* at 5-9; Opp'n at 4-5. Rafi proceeds to contrast the selected candidate's qualifications with what he sees as his superior training and peer-reviewed publications as the key/critical evidence of Novartis IBR's discrimination. Undermining his arguments, Rafi even goes on to assert that "[i]t is obvious that the ethnic Chinese selecting official for this position favorably selected this Chinese ethnic candidate . . . ." Opp'n at 5. Rafi also assumes that in performing a background check, Novartis "is obligated to contact [his] professional ABMGG training program director, Dr. Allen Bale at YSM, whose contact information is readily available at the ABMGG website to affirm Rafi's claim of having accomplished the professional training which specifically makes him an exemplary candidate for the position." *Id.* at 8. Rafi's support for his claims of age discrimination and retaliation is an assumed chain of events and his opinion that he is the far better candidate for the position than the female, over-40, non-white woman selected by Novartis.

## DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009),

3

quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two basic principles guide the court's analysis. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. A claim is facially plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. If the allegations in the complaint are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture," the complaint will be dismissed. *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc).

In a failure-to-hire age discrimination suit, the plaintiff must establish a prima facie case by alleging facts supporting: (1) membership in a protected class, (2) application and qualification for the position, (3) rejection despite qualifications, and (4) that after rejection, the employer continued to seek applicants from persons of the plaintiff's qualifications. *See Woods v. Friction Materials, Inc.*, 30 F.3d 255, 259 (1st Cir. 1994). Once Rafi makes that showing, the burden shifts to defendant to provide a legitimate, non-discriminatory reason for their decision not to hire him for the March 20, 2024 Senior Scientist position. *See McDonnell Douglas Corp. v. Green*, 411

4

U.S. 792 (1973). Even if the court considers Rafi's facts adequately establishing a prima facie case, in its motion to dismiss, Novartis IBR points to the fact that the candidate they hired is a woman over 40 years of age.

To establish a prima facie case of retaliation under Title VII or the ADEA, Rafi must plead facts that: (1) he engaged in protected conduct, (2) he suffered an adverse employment action, and (3) a causal nexus exists between the protected conduct and the adverse action. *See Soto-Feliciano v. Villa Cofresi Hotels, Inc.*, 779 F.3d 19 (1st Cir. 2015) (ADEA); *Velez v. Janssen Ortho, LLC*, 467 F.3d 802, 806 (1st Cir. 2006) (same). Causal connection, in the context of a Title VII retaliation claim, requires but-for causation. *See Anderson v. Brennan*, 911 F.3d 1 (1st Cir. 2018). Rafi must make factual allegations which support his assertions that but-for his filing of an EEOC claim, he would have been offered the position.

However, Rafi's allegations that NIBR retaliated against him (decided not to hire him) based on an EEOC complaint that he had filed against a university twenty years prior are supposition and far-too attenuated. Rafi further speculates that when verifying his medical training there, NIBR was told about Rafi's EEOC complaint against Yale, and because of his complaint, declined to hire him. This is insufficient pleading under *Iqbal*, 556 U.S. at

678-679, *see also Univ. of Texas Sw Med. Ctr. v. Nassar*, 570 U.S. 338, 362-363 (2013).

While the court is sympathetic to Mr. Rafi regarding his inability to obtain a position with defendant, there is not enough in Rafi's allegations to permit his lawsuit to proceed, nor to permit him to obtain the successful candidate's personnel file. "Put simply, the complaint has to allege a plausible basis for a claim of *discrimination*, not just [what the plaintiff consider to be] unfair treatment." *Alicea v. N. Am. Cent. Sch. Bus, LLC*, 232 F. Supp. 3d 213, 215 (D. Mass. 2017).

## ORDER

For the reasons stated, defendant's motion to dismiss the Amended Complaint is ALLOWED.

/s/Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE